## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**SHIRLEY A. HERRON,**
**Claimant Below, Petitioner**

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0160** (BOR Appeal No. 2050653)
(Claim No. 2014025700)

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Shirley A. Herron, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Homer Laughlin China Company, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2016, in which the Board affirmed a July 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 28, 2014, decision to deny the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Herron, a ware dresser and selector, allegedly injured her right foot while at work on October 21, 2013. Ms. Herron asserted that she was putting a dozen plates on a skid when her foot became stuck and turned awkwardly, which made a popping noise. According to the Homer Laughlin China Company's records and her supervisor, Ms. Herron did not report the injury on the day in question. On January 23, 2014, notes from the Homer Laughlin China Company's dispensary indicated that Ms. Herron was seen for sneezing, an irritated throat, and sinus drainage. Ms. Herron also complained that her right foot painful and swollen. The notes indicated that it was not a work-related injury. She was referred for an x-ray.

1

A January 29, 2014, x-ray report indicated that the x-ray was normal. However, an addendum to this x-ray report noted that a very minimal cortical change could be seen, which was consistent with an occult fracture. A February 6, 2014, x-ray showed a nondisplaced fracture at the base of the fifth metatarsal. The records related to this x-ray and treatment notes indicated that the injury was not work-related.

Treatment notes from Timothy Domer, D.O., indicated that Ms. Herron was seen on or about February 7, 2014, for pain in her right foot. Ms. Herron noted that she injured her foot in June of 2013 while working. Approximately three months prior, she was walking and felt something pop. Dr. Domer opined that the January 29, 2014, x-ray shows a faint linear lucency, which is consistent with either nondisplaced healing or a stress fracture. He found that the February 6, 2014, x-ray showed a Jones fracture with mild separation of the proximal third of the shaft of the fifth metatarsal. He repeated the x-ray and it was unchanged. A prescription pad dated February 10, 2014, from Dr. Domer indicated that Ms. Herron should be excused from work from February 7, 2014, through April 6, 2014.

On February 17, 2014, a short-term disability claim form indicated that Ms. Herron suffered from a fifth metatarsal fracture, which first occurred on January 13, 2014, at work. Ms. Herron also indicated that she reinjured the right foot on February 6, 2014. The employer's incident report dated February 19, 2014, indicated that Ms. Herron was putting product on a skid when her right foot popped. An employee's and physician's report of injury dated February 24, 2014, alleged that Ms. Herron was putting a dozen dinner plates on a skid when she turned and her right foot popped. Ms. Herron indicated that this occurred at work on October 21, 2013. The physician's portion noted that the claimant had an occupational injury that caused a fracture to the right foot. The physician's portion was signed on February 27, 2014.

On August 13, 2014, Ms. Herron was deposed. Ms. Herron reiterated that on October 21, 2013, she was putting a dozen plates on a skid. She turned her foot and it became stuck in a rut and she felt her foot pop. She did not seek medical attention. The pain in her right foot was minimal and occurred in the middle top of her foot above the arch. Ms. Herron asserted that she tried to fill out an incident report on October 22, 2013, but her supervisor, William Collins, indicated that she should have completed the report at the time of the incident and denied her request. She wrapped her foot in a bandage and continued to work. On January 19, 2014, she was at work and her right foot popped again. She indicated that the pain occurred in the same place as the original injury, but was far more intense. This prompted her to seek medical attention on January 28, 2014. During her day off on February 6, 2014, she was walking when her foot popped and she fell to her knee. She said she hurt her right foot in the same place. She then saw Dr. Domer, who put her in an air cast. She had surgery on March 11, 2014.

In an affidavit dated September 16, 2014, Mr. Collins indicated that he did not recall Ms. Herron reporting any injury to him on October 22, 2013. The supervisor logs for the dates of October 21, 2013, and October 22, 2013, did not mention any report of injury. He asserted that he tells employees who report an injury to fill out an accident report. Victoria Langa, M.D., produced a report on January 29, 2014, which indicated that Ms. Herron was not injured on

October 21, 2013. Dr. Langa opined that an injury occurred on or about January 29, 2014. Dr. Langa further opined that without any further medical evidence, it was speculation to conclude that any injury occurred on October 21, 2013.

The Office of Judges determined that Ms. Herron did not suffer a compensable injury to her right foot on October 21, 2013. The Office of Judges found that the first time Ms. Herron received any medical treatment for her right foot after the alleged October 21, 2013, injury was on January 23, 2014, when she went to the employer's dispensary. The treatment notes from that visit indicate that Ms. Herron was seen for sneezing, an irritated throat, and sinus drainage. She was also seen for her right foot which was painful and swollen. The report generated did not indicate that there was a work-related injury. The Office of Judges found that the January 29, 2014, x-ray revealed a hairline fracture of the fifth metatarsal on the right foot and the February 6, 2014, x-ray showed a fracture of the fifth metatarsal. The Office of Judges further found that there was no evidence in the x-ray report linking the images to a work injury. The Office of Judges noted that it was not until February 24, 2014, that Ms. Herron finally alleged she injured her right foot at work on October 21, 2013. Ms. Herron also filed a short-term disability claim form on February 17, 2014, in which she stated that she first had problems with her foot at work on January 13, 2014, when her foot popped. Dr. Langa found that there was not sufficient evidence to indicate that Ms. Herron suffered a compensable injury on October 21, 2013. The Office of Judges found that there were too many inconsistencies in the record to show that a compensable injury occurred on October 21, 2013. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the decisions of the Office of Judges and Board of Review. Ms. Herron bears the burden of proof to demonstrate that a compensable injury occurred on the date in question. Because the evidence of record has many discrepancies regarding the alleged date of injury, it was not in error for the Office of Judges and Board of Review to conclude that a compensable injury did not occur on October 21, 2013.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker


**DISSENTING:**
Justice Menis E. Ketchum